IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>THOMAS J. VILSACK, et al.,<br><br>    Defendants.<br>_____ / | No. C 08-04038 JSW<br><br><br><br>**NOTICE OF QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 22, 2010 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 20 minutes to address the following questions:

1.  Do Defendants and/or Intervenor-Defendants object to characterizing this motion as one for preliminary injunction as opposed to one for a temporary restraining order. If so, on what basis?

2.  The Court is contemplating holding an evidentiary hearing:
    (a) Specifically what material facts do Intervenor-Defendants contend are in dispute, thus requiring an evidentiary hearing?
    (b) If the Court were to hold an evidentiary hearing on the requested injunction, how much time would each party request? What witnesses would each parties call and what would be the scope of their testimony?

3.  What percentage of the crops planted pursuant to the permits were planted by October 9, 2010, when Plaintiffs filed this lawsuit? What percentage had by planted by October 10, 2010, when Plaintiffs filed their application for a temporary restraining order?

4.  Although a bond might not be required in this case if it would "preclude[ ] effective and meaningful appellate review," *Friends of the Earth, Inc. v. Brinegar,* 518 F.2d 322, 323 (9th Cir. 1975), "Plaintiffs ... have the burden of demonstrating that posting such a bond would cause undue hardship." *See Earth Island Institute v. U.S. Forest Service*, 2006 WL 3359192, *1 (E.D. Cal. Nov. 20, 2006). By what date could Plaintiffs submit declarations establishing that posting a non-nominal bond would cause undue hardship?

Dated: October 20, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2