IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>THOMAS J. VILSACK, et al.,<br><br>  Defendants.<br>_____/ | No. C 10-04038 JSW<br><br>**ORDER REGARDING EVIDENTIARY HEARING** |

At oral argument on the remedies portion of motion filed by plaintiffs Center for Food Safety, Organic Seed Alliance, Sierra Club, and High Mowing Organic Seeds's (collectively, "Plaintiffs"), the parties made clear that they do not object to the motion being characterized as one for a preliminary injunction as opposed to one for a temporary restraining order. Accordingly, the Court will now treat the pending motion as one for a preliminary injunction.

Moreover, at oral argument, defendants United States Department of Agriculture ("USDA") and its Animal and Plant Health Inspection Service ("APHIS") (collectively, "Defendants") stated that they do not believe that there are any disputed material issues of fact which require an evidentiary hearing, either on the merits or on the remedies portion of Plaintiffs' motion.[1] As the Court explained on the record, the Court will not consider any

---

[1] Defendants' counsel made a passing reference that she believes the administrative record should form the basis for the merits decision. However, the Court already ruled on the merits portion of Plaintiffs' motion in the order issued on September 28, 2010. If Defendants believe that the Court wrongfully decided the merits portion and has a basis upon which they believe a motion for reconsideration is warranted, they shall file a motion for leave to file a motion for reconsideration by no later than October 28, 2010.

evidence that has been filed by amici curaie Betaseed, Inc., Monsanto Company, Syngenta Seeds, Inc., or American Crystal Sugar Company (collectively, "Amici") regarding issues on the merits. This includes evidence that Betaseed, Monsanto, and Syngenta filed as Intervenor-Defendants under the guise of characterizing such evidence as relating to the remedies portion of Plaintiffs' motion.

The Court will hold an evidentiary hearing on the remedies portion of Plaintiffs' motion for preliminary injunction on November 2 through 4, 2010 from 8:00 a.m. to 1:30 p.m., with two fifteen-minute breaks per day. Counsel must arrive by 7:30 a.m., or earlier as needed for any matters to be heard before the presentation of evidence begins. Intervenor-Defendants shall have four hours, Defendants shall have two hours, and Plaintiffs shall have six hours to present their evidence at the hearing. This time includes any time used on direct examination, cross-examination, rebuttal, argument by counsel, and offering deposition testimony or any exhibits. This hearing is solely an opportunity to present evidence. The Court will not entertain any opening statements or closing arguments by counsel.

With the exception of experts' credentials and videos or transcripts of deposition testimony for impeachment purposes, all new evidence shall be offered by live testimony. The Court will not accept or consider any affidavits or declarations from witnesses who are not present and that have not previously been filed with this Court. However, if the parties, as Plaintiffs and Defendants referenced at oral argument, wish to rely on documents that have already been submitted to the Court, either in this case or in the prior case, Sugar Beets I, the parties shall offer such evidence as exhibits during the evidentiary hearing. The parties are admonished that they shall offer at the evidentiary hearing any and all evidence they seek to rely upon regarding the remedies portion of Plaintiffs' motion.[2] Exhibits shall be prepared and offered as evidence in accordance with this Court's Guidelines for Trial and Final Pretrial Conference in Civil Bench Cases.

---

[2] This includes any evidence that has been previously submitted by a party. The Court will not consider any evidence on the remedies portion of Plaintiffs' motion that is not offered during the evidentiary hearing. Therefore, the parties must offer as exhibits any evidence that had been previously submitted to the Court that they seek to have the Court consider.

2

1    The parties shall exchange their proposed witness lists and exhibits by no later than 2:00 p.m. on October 29, 2010.  The parties shall must jointly prepare a single set of all exhibits that will be the official record set to be used with the witnesses and on appeal.  The two copies of the joint set of bench binders containing a copy of the exhibits must be provided to the Court by 7:30 a.m. on November 2, 2010.

If parties want daily transcripts and/or real-time reporting, the parties shall make arrangements with the Supervisor of the Court Reporting Services, at (415) 522-2079, as soon as possible.  The Court typically requires the parties to contact the Supervisor of the Court Reporting Services at least ten calendar days prior to the trial date or evidentiary hearing.

The Court has already determined that Plaintiffs have sufficiently demonstrated a likelihood of success on the merits, *i.e.*, that APHIS violated NEPA by considering the permits in isolation and segmenting them from the later cycles of genetically engineered sugar beet plantings and production and that APHIS unlawfully relied on a categorical exclusion to avoid conducting any environmental review.  This evidentiary hearing is not an opportunity to reargue or offer new evidence regarding issues on the merits, such as whether the permits have any independent utility or whether Plaintiffs have demonstrated standing based on the Defendants' and Amici's arguments that Plaintiffs have not demonstrated any harm specifically attributable to the permits.

In light of the date set for the evidentiary hearing, the Court hereby amends the following deadlines which were set on the record.  Defendants shall provide unredacted copies of the permits at issue to Plaintiffs by October 26, 2010.  Plaintiffs shall file the declaration requested regarding posting a bond by no later than October 26, 2010.  Any response by Defendants or Intervenor-Defendants shall be filed by no later than October 29, 2010.

**IT IS SO ORDERED.**

Dated: October 22, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3