IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>THOMAS J. VILSACK, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-04038 JSW<br><br>**ORDER REGARDING AMERICAN CRYSTAL'S MOTION TO INTERVENE AND MOTION TO BE HEARD ON SHORTENED TIME** |

On October 25, 2010, American Crystal Sugar Company ("American Crystal") filed a motion to intervene and to have this motion heard on shortened time. American Crystal filed these motions six court days before the evidentiary hearing is scheduled to begin. Moreover, American Crystal failed to properly notice its motion to intervene for an open hearing date at least thirty-five days out. Based on when American Crystal filed these motions, Plaintiffs' opposition to the motion for shortened time is not even due until Friday, October 29, 2010. Nevertheless, in the interests of giving American Crystal an opportunity to be heard at the evidentiary hearing, the Court sets the following briefing schedule. In the future, all parties, amici, intervenors and the newly proposed-intervenor are admonished to move more promptly for any requested relief.

In light of American Crystal's representation that the present Defendant-Intervenors have agreed to share their allotted four hours of time at the evidentiary hearing, the Court is

inclined to grant American Crystal's motion to intervene as of right with respect to the remedies issues on the following conditions:

(1) American Crystal as an intervenor is subject to the same restrictions as the present Defendant-Intervenors regarding filing a single, joint brief as intervenors on remedies issues;

(2) American Crystal would be similarly restricted from submitting any evidence on merits issues;

(3) The total time allotted to Defendant-Intervenors during the evidentiary hearing, even if American Crystal becomes a Defendant-Intervenor, remains set at four hours;

(4) Any witnesses and exhibits American Crystal intends to call or offer at the evidentiary hearing must be included in the exchange of proposed witness lists and exhibits set for 2:00 p.m. on October 29, 2010 at the latest. Moreover, American Crystal's proposed exhibits must be included in the joint set of exhibits due to be provided to the Court by 7:30 a.m. on November 2, 2010;

(5) American Crystal must heed the admonishment of the Court that the Court has already determined Plaintiffs have sufficiently demonstrated a likelihood of success on the merits, *i.e.*, that APHIS violated NEPA by considering the permits in isolation and segmenting them from the later cycles of genetically engineered sugar beet plantings and production and that APHIS unlawfully relied on a categorical exclusion to avoid conducting any environmental review. This evidentiary hearing *is not* an opportunity to reargue or offer new evidence regarding issues on the merits, such as whether the permits have any independent utility or whether Plaintiffs have demonstrated standing based on the Defendants' and Amici's arguments that Plaintiffs have not demonstrated any harm specifically attributable to the permits.

Reluctantly, due to the timing of the evidentiary hearing, the Court GRANTS American Crystal's motion to have its motion to intervene heard on shortened time. With the tentative

ruling to grant the motion to intervene in mind, Plaintiffs may file an opposition to that motion and provide chambers' copies, if any, by no later than 11:30 a.m. on October 27, 2010.[1] American Crystal may file a reply and provide chambers' copies, if any, by no later than 4:30 p.m. on October 27, 2010.

**IT IS SO ORDERED.**

Dated: October 26, 2010

/s/
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[1] The parties shall not use paper clips on chambers' copies. All chambers' copies shall be stapled or otherwise bound together.