IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THOMAS J. VILSACK, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-04038 JSW<br><br>**ORDER GRANTING AMERICAN CRYSTAL'S MOTION TO INTERVENE** |

Now before the Court is the motion to intervene on the remedies issues filed by American Crystal Sugar Company ("American Crystal"). This matter is now fully briefed and ripe for consideration. The Court finds that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* Civ. L.R. 7-19(b). Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, and good cause appearing, the Court hereby GRANTS American Crystal's motion to intervene as of right with respect to the remedies issues subject to the following conditions:

(1) American Crystal as an intervenor is subject to the same restrictions as the present Defendant-Intervenors regarding filing a single, joint brief as intervenors on remedies issues;

(2) American Crystal is similarly restricted from submitting any evidence on merits issues;

(3) The total time allotted to Defendant-Intervenors, now including American Crystal, during the evidentiary hearing remains set at four hours;

(4) Any witnesses and exhibits American Crystal intends to call or offer at the evidentiary hearing must be included in the exchange of proposed witness lists and exhibits set for 2:00 p.m. on October 29, 2010 at the latest. Moreover, American Crystal's proposed exhibits must be included in the joint set of exhibits due to be provided to the Court by 7:30 a.m. on November 2, 2010;

(5) American Crystal must heed the admonishment of the Court that the Court has already determined Plaintiffs have sufficiently demonstrated a likelihood of success on the merits, *i.e.*, that APHIS violated NEPA by considering the permits in isolation and segmenting them from the later cycles of genetically engineered sugar beet plantings and production and that APHIS unlawfully relied on a categorical exclusion to avoid conducting any environmental review. This evidentiary hearing *is not* an opportunity to reargue or offer new evidence regarding issues on the merits, such as whether the permits have any independent utility or whether Plaintiffs have demonstrated standing based on the Defendants' and Amici's arguments that Plaintiffs have not demonstrated any harm specifically attributable to the permits.

**IT IS SO ORDERED.**

Dated: October 28, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2