IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al., | |
| Plaintiffs, | No. C 10-04038 JSW |
| v. | |
| THOMAS J. VILSACK, et al., | **ORDER DENYING DEFENDANTS' MOTION TO TRANSFER** |
| Defendants. | |

Now before the Court is the motion to transfer filed by defendants United States Department of Agriculture ("USDA") and its Animal and Plant Health Inspection Service ("APHIS") (collectively, "Defendants").[1] This matter is now fully briefed and ripe for consideration. The Court finds that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for November 5, 2010 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, and good cause appearing, the Court hereby denies Defendants' motion.

**ANALYSIS**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses

---

[1] Intervenor-Defendants Betaseed, Inc., Monsanto Company, and Syngenta Seeds, Inc. joined in Defendants' motion and then improperly filed a substantive fifteen-page reply in support of Defendants' motion. The parties are hereby admonished that in the future, the Court will not consider substantive arguments made by parties if they have merely joined in another parties' motion.

United States District Court
For the Northern District of California

1  and in the interest of justice.  A motion to transfer venue under § 1404(a) requires the court to
2  weigh multiple factors in its determination of whether transfer is appropriate in a particular
3  case.  For example, the court may consider:  (1) the plaintiff's choice of forum; (2) the
4  convenience of
5  witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of
6  access to evidence; and (5) the relative court congestion and time of trial in each forum.  *See,*
7  *e.g., Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  The general rule is
8  that the plaintiff's choice of forum is to be given substantial weight.  *See Decker Coal Co. v.*
9  *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  The burden is on the moving
10 party to demonstrate that the action should be transferred.  *Commodity Futures Trading*
11 *Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).
12        Typically, a court should give a plaintiff's choice of forum great deference unless the
13 defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of
14 forum.  *Decker Coal Co.*, 805 F.3d at 843.  Based on an argument that the Court has already
15 rejected – that the permits at issue may be considered in isolation from the rest of the cycles of
16 genetically engineered sugar beet plantings and production – Defendants argue that Plaintiffs'
17 choice of forum should not be given any weight and that venue is not proper in the Northern
18 District of California.  Defendants similarly argue that the Sierra Club, the plaintiff who resides
19 in the Northern District of California, lacks standing.  Defendants and Intervenor-Defendants
20 repeatedly ignore the fact that the Court has already determined Plaintiffs have demonstrated a
21 likelihood of success on the merits, that Defendants violated the National Environmental Policy
22 Act, 42 U.S.C. §§ 4321-4335 ("NEPA") by considering the permits in isolation and segmenting
23 them from the later cycles of genetically engineered sugar beet plantings and production and by
24 unlawfully relying on a categorical exclusion to avoid conducting any environmental review.[2]
25 Although this was a preliminary finding, neither Defendants nor Intervenor-Defendants in their
26
27
28        [2] Although Defendants' motion to transfer venue was filed a day before the Court issued this ruling, both Defendants' and Intervenor-Defendants' replies were filed afterwards.

2

role as Amici, have pointed to any additional law or evidence[3] which would provide a basis for altering this determination. Based on this finding, the Court will not examine whether Plaintiffs have standing, demonstrated venue, or whether their choice of forum should be given weight based on solely the permits, without giving consideration to the rest of the genetically engineered sugar beet planting and production cycles.

Accordingly, the Court finds that the Sierra Club has standing, venue is proper in this district, and that Plaintiffs' choice of forum is given great weight. Moreover, the Court finds that Defendants have failed to demonstrate that the convenience of witnesses and the parties, the ease of access to evidence, or that the interests of justice tips in favor of transferring this case. Accordingly, the Court concludes that Defendants have not met their burden to show that this case should be transferred and, thus, denies their motion to transfer.

**IT IS SO ORDERED.**

Dated: October 29, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] Based on the Court's ruling that Amici are not permitted to submit evidence regarding issues on the merits, any evidence on this point would have to be submitted by Defendants.

3