IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al., | |
| Plaintiffs, | No. C 10-04038 JSW |
| v. | |
| THOMAS J. VILSACK, et al., | **ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| Defendants. | |

Now before the Court is the motion for leave to file a motion for reconsideration filed by defendants United States Department of Agriculture ("USDA") and its Animal and Plant Health Inspection Service ("APHIS") (collectively, "Defendants"). Having carefully reviewed Defendants' papers and considered the relevant legal authority, the Court hereby DENIES Defendants' motion for leave to file a motion for reconsideration.[1]

A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of the order. Civ. L.R. 7-9(b)(1)-(3). In addition, the moving party may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c).

---

[1] The Court GRANTS Defendants' request to file the confidential portions of the permits under seal. However, for the reasons stated below, the Court is not considering the confidential portions of these permits.

Defendants move on two grounds, neither of which satisfy the standard set forth above. First, Defendants argue that, based on *Wilderness Society, Inc. v. Rey*, __ F. 3d __, 2010 WL 3665713 (9th Cir. Sept. 22, 2010), decided after Defendants filed their opposition to Plaintiffs' application for a temporary restraining order, the Court should reconsider its ruling on standing. However, the Ninth Circuit opinion in *Wilderness Society* did not materially alter the legal standard on standing, but merely applied the Supreme Court decision in *Summers v. Earth Island Inst.*, 129 S.Ct. 1142 (2009). Moreover, *Wilderness Society* was cited to by Amici in their brief filed on September 23, 2010, before the Court issued its ruling on the merits. Additionally, the Court already considered and rejected Defendants' and Amici's argument that Plaintiffs failed to demonstrate standing based on the standard set forth in *Summers* and applied in *Wilderness Society*. Although the Sierra Club member's declaration about vague intentions to return to the wilderness areas of Oregon in the future would be insufficient to show standing, Sierra Club and the other Plaintiffs have additional evidence which is sufficient to show standing based on the harm from the entire cycle of genetically engineered sugar beet plantings and production. Defendants' repeated attempts to restrict the Court's consideration of any potential harm to harm stemming from the plantings allowed pursuant to the permits at issue have been repeatedly considered and rejected by this Court. In light of the Court's determination that Plaintiffs have demonstrated a likelihood of success on the merits, that Defendants violated NEPA by considering the permits in isolation and segmenting them from the later cycles of genetically engineered sugar beet plantings and production and by unlawfully relying on a categorical exclusion to avoid conducting any environmental review, it would make no sense if the Court limited Plaintiffs' ability to demonstrate standing based solely on the unlawfully segmented permits in isolation. The Court cannot fathom how it could be any more clear that it has considered and rejected these arguments.

Second, Defendants argue that the Court should reconsider its ruling on the merits in light of the unredacted permits that were not submitted to the Court. However, the fact that these permits were not submitted to the Court in their unredacted form does not provide a legitimate basis for leave for reconsideration. Defendants had these permits in their possession

before Plaintiffs even filed this lawsuit. That Defendants chose to submit redacted versions and now apparently regret that decision, does not render the full, unredacted permits "new evidence." Accordingly, the Court denies Defendants' motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: November 1, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE