IGNACIA S. MORENO
Assistant Attorney General
LUTHER L. HAJEK
BEVERLY F. LI
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel.: (202) 305-0492 (Hajek) / (202) 353-9213 (Li)
Facsimile: (202) 305-0506
E-mail: Luke.Hajek@usdoj.gov
           Beverly.Li@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al._, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS J. VILSACK, et al._, <br><br> Defendants. | Case No. CV 10-04038 JSW <br><br> **FEDERAL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED PRELIMINARY INJUNCTION ORDER** <br><br> Date: <br> Time: <br> Judge: Hon. Jeffrey S. White <br> Place: Courtroom 11 |

FEDERAL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED PRELIMINARY INJUNCTION ORDER
Case No. CV 10-04038 JSW

Defendants Thomas J. Vilsack *et al.* hereby submit objections to Plaintiffs' Proposed Preliminary Injunction Order (Dkt. No. 231) and clarify Defendants' recommendations during the meet and confer with Plaintiffs regarding the proposed order.

(1) *The Court should not order that the stecklings be destroyed.* Defendants object to Plaintiffs' proposal that the Court order the destruction of the Roundup Ready Sugar Beet ("RRSB") stecklings, as opposed to the removal of the stecklings, as stated in the Court's Amended Order Regarding the Remedies on Plaintiffs' Motion for a Preliminary Injunction ("Remedy Order") (Dkt. No. 223).

First, in the Remedy Order, the Court ordered that "the stecklings planted pursuant to the permits issued by Defendants shall be removed from the ground." Id. at 15. Further, the order stated: "The proposed injunction shall specify who will be responsible for carrying out the Court's order and ensuring that the stecklings are removed from the ground." Id. There is nothing in the Court's order about requiring the destruction of the stecklings and the Court should not change its order to require destruction of the stecklings rather than removal. In any event, the removal of the stecklings likely will immediately destroy many of the stecklings because they will not be able to survive removal at this time.

Second, ordering the destruction of the stecklings would violate well-established precedent that a preliminary injunction must be narrowly tailored to address the Plaintiffs' alleged harm. See Lamb-Weston, Inc. v. McCain Foods, Ltd., 941 F.2d 970, 974 (9th Cir. 1991); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979). As stated in Defendants' prior briefing, including Defendants' and Intervenor-Defendants' Joint Post-Hearing Brief (Dkt. No. 212 (redacted) and No. 222 (unredacted)), the RRSB planted pursuant to the permits at issue pose no risk of cross-pollination because they are not allowed to flower and, based on plant biology, the stecklings cannot flower and produce seed until next spring. Moreover, because the plants will not produce seed until next spring, there is no risk that seed from the stecklings will be commingled with other types of seed. But even assuming that there were some likelihood of cross-pollination or commingling, complete destruction of the crops is not necessary to prevent cross-pollination or commingling. Even though Defendants

FEDERAL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED PRELIMINARY INJUNCTION ORDER
Case No. CV 10-04038 JSW                                                                                                         1

1 do not believe that removal of the stecklings is necessary to prevent any cross-pollination or
2 commingling, removal clearly will be sufficient to accomplish that result.

3       Third, requiring the destruction of the crops, particularly in the manner requested by Plaintiffs
4 would serve no purpose. It certainly would not be protective of the environment. Indeed, it is hard
5 to imagine an environmental group advocating that a tractor mower be driven repeatedly over muddy
6 fields and that herbicides be used unnecessarily without evaluating the potential environmental
7 effects of such action, but that is apparently what Plaintiffs seek. The Court should not order the
8 destruction of the stecklings because it would serve no purpose and could potentially result in harm
9 to the environment that has not been analyzed.

10       (2) *APHIS could issue Emergency Action Notifications.* Defendants suggested during the
11 meet and confer that one method of ensuring the removal of the crops would be for APHIS to issue
12 an Emergency Action Notification ("EAN") to each of the four permit holders. An EAN is a
13 administrative order that APHIS employs to carry out remedial action with respect to genetically
14 engineered crops, among other things. APHIS could issue an EAN within several days of the Court's
15 final order regarding remedy. Depending on the exact remedy ordered, APHIS would draft EANs
16 that accomplish the goal of removal by reasonable methods and within a reasonable time period,
17 considering factors affecting the timing of removal, such as weather and availability of equipment.
18 The mechanism and timing for removal of the stecklings should be left to the discretion of APHIS,
19 based on its expertise in regulating genetically engineered crops and formulating remedial measures
20 for removal of such crops. See 11/4/10 Tr. at 382-83; see also Idaho Watersheds Proj. v. Hahn, 307
21 F.3d 815, 831 (9th Cir. 2002) (upholding district court's decision to defer to agency expertise and to
22 adopt an interim remedy crafted by the agency).

23       Plaintiffs have suggested that the EANs would have to be issued, not only to the permit
24 holders, but also to "any other entities not admitted as intervenors in this action that may have control
25 over the stecklings at issue, directing them, and any of their agents, employees, or others in their
26 employ or acting on their behalf." Plf. Proposed Order at 2. This is not an instance where there are
27 numerous unidentified growers who are not before the Court. There are four permit holders, and one
28

FEDERAL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED PRELIMINARY INJUNCTION ORDER
Case No. CV 10-04038 JSW     2

of them, SES VanderHave, is not a party. It will be sufficient, for the purposes of notifying the growers who are growing stecklings under the permits, to send an EAN to each of the permit holders. It is not necessary for APHIS to attempt to identify agents and employees of the permit holders in order to issue the EANs, and such a requirement would only add to the administrative burden on APHIS and cause APHIS to take more time in issuing the EANs.

(3) *Requiring an APHIS representative on-site at all times while removal is carried out would be highly burdensome and is unnecessary.* The Court should not adopt Plaintiffs' proposal that Defendants have a government employee in attendance while removal is conducted by the steckling growers. There are four permits, and each permit authorizes planting at multiple sites, each of which may contain multiple fields. Removing the stecklings from a field may take days, if not weeks. It would be incredibly burdensome to have an APHIS representative on site at all locations and times while the Intervenors are removing the crops, and it is not necessary. What Defendants suggested during the meet and confer was that, following removal of the stecklings, APHIS would have an inspector inspect each site within 1 to 2 weeks following removal to ensure that all of the stecklings had been removed. That would ensure that removal was conducted as ordered by the Court. Defendants respectfully request, however, that if removal is completed shortly before the Christmas and New Year's holidays, that APHIS be given more time to conduct the inspections, as inspectors are likely to be less available during that period.

Respectfully submitted this 3rd day of December, 2010.

IGNACIA S. MORENO
Assistant Attorney General

/s/ *Luther L. Hajek*
LUTHER L. HAJEK
BEVERLY F. LI
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel.: (202) 305-0492 (Hajek) / (202) 353-9213 (Li)
Facsimile: (202) 305-0506
E-mail: Luke.Hajek@usdoj.gov

Beverly.Li@usdoj.gov

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2010, I electronically filed the foregoing FEDERAL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED PRELIMINARY INJUNCTION ORDER with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the following attorneys of record:

Paul H. Achitoff
Paige Tomaselli
Kateryna Rakowsky
George Kimbrell

Attorneys for Plaintiffs

Walter A. Edmiston
Daniel M. Abuhoff
Harry Zirlin
William Weeks

Attorneys for Intervenor Betaseed, Inc.

Drew C. Ensign

Attorney for Intervenor Monsanto Co.

David J. Lazerwitz
Alison Suthers
Nancy S. Bryson

Attorneys for Intervenor Syngenta Seeds, Inc.

/s/ *Luther L. Hajek*
Luther L. Hajek
Counsel for Federal Defendants