IGNACIA S. MORENO
Assistant Attorney General
LUTHER L. HAJEK
BEVERLY F. LI
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel.: (202) 305-0492 (Hajek) / (202) 353-9213 (Li)
Facsimile: (202) 305-0506
E-mail: Luke.Hajek@usdoj.gov
Beverly.Li@usdoj.gov

Attorneys for Federal Defendants

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| Center for Food Safety, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas J. Vilsack, *et al.,*<br><br>Defendants. | Case No. CV 10-04038 JSW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**Judge: Honorable Jeffrey S. White**<br>**Place: Courtroom 11** |

Defendants Thomas J. Vilsack, in his official capacity as Secretary of the United States Department of Agriculture ("USDA"), the USDA, and the Animal and Plant Health Inspection Service ("APHIS") hereby answer the Plaintiffs' Complaint as follows:

## RESPONSES TO INDIVIDUAL AVERMENTS

In response to the correspondingly numbered paragraphs of the Complaint, Defendants state as follows:

1. The first sentence sets forth Plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. Defendants deny the second sentence.

2. Defendants deny the allegations in the first sentence as vague because Plaintiffs do not clarify what environmental effects they allege to be well documented. Defendants deny the allegations in the second and third sentences. The allegations in the fourth sentence characterize unnamed studies, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is inconsistent with the referenced studies. Defendants deny the allegations in the fifth sentence and aver that there is no risk of cross-pollination from the planting of the Roundup Ready Sugar Beet ("RRSB") steckling authorized by the permits because the permits do not authorize the flowering of the stecklings. Defendants deny the allegations in the sixth sentence and aver that the permits do not allow seed production and only allow the planting of the RRSB stecklings subject to strict permit conditions designed to prevent RRSB from being commingled with non-genetically engineered material.

3. The allegations in the first sentence characterize unnamed studies, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with referenced studies. Defendants aver that the cultivation of RRSB may result in an increase in the use of Roundup for sugar beet production, but it also may result in a decrease in the use of more toxic herbicides. Defendants deny the allegations in the second

sentence and aver that Roundup in certain formulations may contain chemicals that can be harmful if used improperly. Defendants deny the allegations in the third, fourth, and fifth sentences.

4. Defendants deny the first sentence and aver that APHIS issued four permits for planting of RRSB seed for steckling production (not seed production) on September 3, 2010, and APHIS is currently considering a request by Monsanto for partial deregulation or other administrative action to allow future planting of RRSB. Defendants deny the second, third, fourth and fifth sentences.

5. This paragraph sets forth Plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. To the extent a response is required, Defendants deny that any violations of law have occurred and deny that Plaintiffs are entitled to any of the relief requested or to any other relief whatsoever.

6. The allegations in paragraph 6 are legal conclusions, to which no response is required.

7. Defendants deny the allegations in this paragraph.

8. Defendants deny the allegations in this paragraph.

9. The first sentence sets forth Plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. Defendants lack knowledge or information sufficient to form a response as to the allegations in the second sentence and therefore deny the allegations. Defendants deny the allegations in the third sentence.

10. Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph and therefore deny the allegations.

11. Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph and therefore deny the allegations.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW

12. Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph and therefore deny the allegations.

13. Defendants deny the allegations in the first and second sentences. Defendants lack sufficient information on which to either admit or deny the allegations contained in the third and fourth sentences and therefore deny the allegations. Defendants deny the allegations contained in the fifth sentence. Defendants deny the allegations in the sixth sentence and aver that the cultivation of RRSB may result in an increase in the use of Roundup for sugar beet production, but it also may result in a decrease in the use of more toxic herbicides. Defendants deny the allegations in the seventh sentence.

14. Defendants lack sufficient information on which to either admit or deny the allegations contained in the first sentence and therefore deny the allegations. Defendants deny the allegations in the second sentence.

15. Defendants deny the allegations in this paragraph.

16. The first sentence sets forth Plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. Defendants deny the second sentence. Defendants lack sufficient information on which to either admit or deny the allegations contained in the remainder of the paragraph and therefore deny the allegations.

17. Defendants lack sufficient information on which to either admit or deny the allegations contained in the first sentence and therefore deny the allegations. Defendants deny the allegations in second and third sentences.

18. Defendants deny the allegations in this paragraph.

19. The first sentence sets forth Plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. Defendants deny the allegations in the second

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW

sentence. Defendants lack sufficient information to either admit or deny the allegations contained in the third and fourth sentences and therefore deny the allegations.

20.  Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph and therefore deny the allegations.

21.  Defendants deny the allegations in the first sentence. Defendants deny that Sierra Club members will be injured by the challenged action, and otherwise Defendants lack sufficient information on which to either admit or deny the remainder of the paragraph and therefore deny the allegations.

22.  Defendants deny the allegations in this paragraph.

23.  The first sentence sets forth Plaintiffs' characterization of the nature and basis of their lawsuit to which no response is required. Defendants lack sufficient information on which to either admit or deny the remaining allegations contained in this paragraph and therefore deny the allegations.

24.  Defendants lack sufficient information on which to either admit or deny the allegations contained in this paragraph and therefore deny the allegations.

25.  Defendants lack sufficient information on which to either admit or deny the allegations in the first sentence and therefore deny the allegations. Defendants deny the remaining allegations.

26.  Defendants deny the allegations in this paragraph.

27.  Defendants admit the allegations contained in the first sentence. Defendants admit that APHIS issued permits on September 3, 2010, for the planting of RRSB seed for steckling production and deny the remaining allegations in the second sentence. Defendants deny the allegations contained in the third sentence and aver that APHIS is an agency within USDA, but the authority to act under the PPA is delegated to APHIS.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW

28. The allegations in this paragraph characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4331 *et seq.*, the Council on Environmental Quality's ("CEQ") regulations implementing NEPA, 40 C.F.R. § 1500 *et seq.*, and a cited court opinion, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with referenced statute, regulations, and court opinion.

29. The allegations in this paragraph contain characterization of NEPA and CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the statute and regulations.

30. The allegations in this paragraph contain characterization of CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the regulations.

31. The allegations in this paragraph contain characterization of CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the regulations.

32. The allegations in this paragraph contain characterization of CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the regulations.

33. The allegations in this paragraph contain characterization of NEPA and CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the statute and regulations.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW

34.     The allegations in this paragraph contain characterization of CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the regulations.

35.     The allegations in this paragraph contain characterization of NEPA and CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their content.  Defendants deny any characterization that is not consistent with the statute and regulations.

36.     The allegations in this paragraph contain characterization of CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the regulations.

37.     The allegations in this paragraph characterize APHIS' NEPA implementation regulations, which speak for themselves and are the best evidence of their content.   Defendants deny any characterization that is not consistent with the regulations.

38.     The allegations in this paragraph characterize APHIS' NEPA implementation regulations, which speak for themselves and are the best evidence of their content.   Defendants deny any characterization that is not consistent with the regulations.

39.     The allegations in this paragraph characterize APHIS' NEPA implementation regulations and a final rule published in the Federal Register, which speak for themselves and are the best evidence of their content.   Defendants deny any characterization that is not consistent with the referenced regulations and Federal Register citation.

40.     The allegations in this paragraph characterize APHIS' NEPA implementation regulations, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the regulations.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW

41. The allegations in this paragraph constitute legal conclusions, to which no response is required.

42. Defendants admit the first sentence. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required.

43. The allegations in this paragraph constitute legal conclusions, to which no response is required.

44. The allegations in this paragraph constitute legal conclusions, to which no response is required.

45. The allegations in this paragraph characterize the 2008 Farm Bill, which speaks for itself and is the best evidence of its content. Defendants deny any characterization that is not consistent with the 2008 Farm Bill.

46. The allegations in this paragraph characterize a document entitled "Lessons Learned and Revisions under Consideration for APHIS' Biotechnology Framework," which speaks for itself and is the best evidence of its content. Defendants deny any characterization that is not consistent with the referenced document or the 2008 Farm Bill.

47. Defendants deny the allegations in this paragraph.

48. Defendants deny the first sentence and aver that sugar beets were or are being grown on approximately 1.18 million acres in 2010. Defendants lack sufficient information on which to either admit or deny the allegation that sugar beets have a value of $21.1 billion annually to the U.S. economy. Defendants deny the second sentence and aver that approximately 30,710,000 tons of sugar beets were produced in the U.S. in 2003.

49. Defendants admit the allegations in the first sentence. Defendants deny the allegations in the second sentence and aver that sugar beets are currently grown in ten states, California, Colorado, Idaho, Michigan, Montana, Nebraska, North Dakota, Oregon, Washington

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW

and Wyoming, have been grown in Ohio and Texas in the past, and account for a little more than half of all refined sugar produced domestically.

50. Defendants deny the allegation and aver that conventional sugar beets are grown in California and a related species (*Beta macrocarpa*) that could potentially cross-pollinate with sugar beets also occurs there. Defendants further aver that cross pollination is unlikely because sugar beets grown in California do not typically flower and produce pollen, which would be necessary for cross pollination to occur. Defendants further aver that the permits issued by APHIS on September 3, 2010, do not allow RRSB to be planted in California.

51. Defendants admit the allegation in the first sentence. Defendants deny the remainder of the allegations in the paragraph.

52. Defendants admit the allegations in the first sentence. The remaining allegations in this paragraph characterize the 2005 Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI"), which speak for themselves and are the best evidence of their contents. Defendants deny any characterizations that not consistent with the EA and FONSI.

53. The allegations in this paragraph are legal conclusions, to which no response is required.

54. Defendants admit that Monsanto Co. and KWS SAAT AG submitted a Petition for a Determination of Nonregulated Status for Sugar Beet Genetically Engineered for Tolerance to the Herbicide Glyphosate. See 69 Fed. Reg. 61466 (October 19, 2004). The remaining allegations in this paragraph characterize the petition, which speaks for itself and is the best evidence of its content. Defendants deny any characterizations that are not consistent with the referenced petition.

55. Defendants admit that APHIS prepared an EA and FONSI in conjunction with APHIS's Determination of Nonregulated Status for Sugar Beet Genetically Engineered for


Tolerance to the Herbicide Glyphosate, see 70 Fed. Reg. 13007 (March 17, 2005). The remaining allegations in this paragraph characterize the EA and FONSI, which speak for themselves and are the best evidence of their content. Defendants deny any characterizations that are not consistent with APHIS's 2005 EA and FONSI.

56. The allegations in this paragraph characterize Plaintiffs' complaint filed in 2008, which speaks for itself and is the best evidence of its content. Defendants deny any characterization that is not consistent with that complaint and also deny the allegations in that complaint referenced in this paragraph.

57. The allegations in this paragraph characterize the Court's decisions in Center for Food Safety v. Vilsack, No. C. 08-00484 JSW, 2009 WL 3047227 (N.D. Cal. Sept. 21, 2009) and Center for Food Safety v. Vilsack, ___ F. Supp. 2d ____, 2010 WL 3222482 (N.D. Cal. Aug. 13, 2010), which speak for themselves and are the best evidence of their content. Defendants deny any characterizations that are not consistent with these decisions.

58. Defendants admit that USDA issued a press release on September 1, 2010. The remaining allegations in this paragraph characterize the press release, which speaks for itself and is the best evidence of its content. Defendants deny any characterization that is not consistent with the press release. Defendants deny the allegations in the second sentence.

59. Defendants deny the allegations in the first sentence and aver that genetically engineered sugar beets could, in certain circumstances, cross-pollinate sugar beets that are not genetically engineered. Defendants admit the allegations in the second sentence. Defendants deny the allegations in the third sentence and aver that genetically engineered sugar beets could, in certain circumstances, cross-pollinate table beets and Swiss chard.

60. Defendants deny the allegations in this paragraph.

61. Defendants deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW

62. Defendants deny the allegations in this paragraph.

63. Defendants deny the allegations in this paragraph.

64. Defendants incorporate by reference their responses to paragraphs 1-63 above.

65. Defendants deny the allegations in this paragraph.

66. Defendants deny the allegations in this paragraph.

67. Defendants deny the allegations in this paragraph.

68. Defendants deny the allegations in this paragraph and deny that any violation of law occurred and deny that Plaintiffs are entitled to any relief whatsoever.

69. Defendants incorporate by reference their responses to paragraphs 1-68 above.

70. The allegations in this paragraph characterize CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the regulations.

71. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

72. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

73. Defendants deny the allegations in this paragraph.

74. Defendants deny the allegations in this paragraph.

75. Defendants incorporate by reference their responses to paragraphs 1-74 above.

76. The allegations in this paragraph constitute legal conclusions, to which no response is required.

77. The allegations in this paragraph constitute legal conclusions, to which no response is required.

78. Defendants deny the factual allegations in this paragraph and deny that any violation of law occurred.

79. Defendants incorporate by reference their responses to paragraphs 1-78 above.

80. The allegations in the first sentence constitute legal conclusions, to which no response is required. The remaining allegations in this paragraph characterize APHIS' NEPA implementation regulations, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the regulations.

81. The allegations in the first sentence constitute legal conclusions, to which no response is required. The remaining allegations in this paragraph characterize APHIS' regulations, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the regulations.

82. The allegations in this paragraph characterize APHIS' regulations, which speak for themselves and are the best evidence of their content. Defendants deny any characterization that is not consistent with the regulations and deny any violation of the statute or regulations.

83. Defendants deny the factual allegations in this paragraph and deny that any violation of law occurred.

84. Defendants incorporate herein by reference their responses to paragraphs 1-83 above.

85. Defendants deny the allegations in this paragraph.

86. Defendants deny the allegations in this paragraph.

87. Defendants deny the factual allegations in this paragraph and deny that any violation of law occurred.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required, but in the event that a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim on which relief can be granted.

2. The Court lacks jurisdiction over the Complaint because Plaintiffs lack standing.

3. The Court lacks jurisdiction over some of Plaintiffs' claims because Plaintiffs are not challenging a final agency action or are challenging action committed to agency discretion by law.

4. The Complaint should be dismissed because venue is improper.

5. Some of Plaintiffs' claims are barred by the doctrine of waiver.

6. Some of Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative remedies.

7. Some of Plaintiffs' claims are barred by estoppel.

Wherefore, Defendants respectfully pray that this Court deny in all respects Plaintiffs' Prayer for Relief, dismiss the Complaint, enter judgment for Defendants, and grant such other relief as may be appropriate.

Respectfully submitted this 3rd day of December, 2010.

        IGNACIA S. MORENO
        Assistant Attorney General

        /s/ *Luther L. Hajek*
        LUTHER L. HAJEK
        BEVERLY F. LI
        Trial Attorneys

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW

U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel.: (202) 305-0492 (Hajek) / (202) 353-9213 (Li)
Facsimile: (202) 305-0506
E-mail: Luke.Hajek@usdoj.gov
         Beverly.Li@usdoj.gov

Attorneys for Federal Defendants

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2010 I electronically filed the foregoing DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

Paul H. Achitoff
Paige Tomaselli
Kateryna Rakowsky
George Kimbrell

Attorneys for Plaintiffs

Walter A. Edmiston
Daniel M. Abuhoff
Harry Zirlin
William Weeks

Attorneys for Intervenor Betaseed, Inc.

Drew C. Ensign

Attorney for Intervenor Monsanto Co.

David J. Lazerwitz
Alison Suthers
Nancy S. Bryson

Attorneys for Intervenor Syngenta Seeds, Inc.

/s/ *Luther L. Hajek*
Luther L. Hajek
Counsel for Defendants

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No. CV 10-04038 JSW