LATHAM & WATKINS LLP
  Philip J. Perry (Bar No. 148696)
  philip.perry@lw.com
  Janice M. Schneider (DC Bar No. 472037) (*pro hac vice* granted)
  janice.schneider@lw.com
  Drew C. Ensign (Bar No. 243956)
  drew.ensign@lw.com
555 11th Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Attorneys for Intervenor-Defendant Monsanto Company

[Complete list of Parties on signature page]

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Center for Food Safety, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>Thomas J. Vilsack, *et al.*,<br><br>            Defendants,<br><br>    and<br><br>Monsanto Company, *et al.*,<br><br>            Intervenor-Defendants. | CASE NO.: 3:10-cv-04038-JSW<br><br>**INTERVENOR-DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**(Honorable Jeffrey S. White)**<br><br>Date: March 18, 2011<br>Time: 9:00 a.m.<br>Place: Courtroom 11, 19th Floor<br>**Trial Date: None Set** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

SUMMARY OF ARGUMENT .................................................................................................1

BACKGROUND ........................................................................................................................2

ARGUMENT ..............................................................................................................................4

    I.    PLAINTIFFS' PROPOSED AMENDMENT IS INCONSISTENT WITH THE FEDERAL RULES OF CIVIL PROCEDURE, THIS CIRCUIT'S PRECEDENTS AND THIS COURT'S LOCAL RULES....................................4

    II.    IN ANY EVENT, PLAINTIFFS' MOTION TO AMEND POSES JURISDICTIONAL DIFFICULTIES FOR THIS COURT DURING THE PENDENCY OF THE APPEAL. ......................................................................8

    III.    PLAINTIFFS CANNOT PURSUE ANY FORM OF INJUNCTIVE RELIEF IN THIS CASE, BUT COULD PURSUE THEIR AMENDED CLAIMS IN THE EXISTING CASE FILED IN THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA...............................................................10

CONCLUSION.........................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**

*A&M Records, Inc v. Napster*,
  284 F.3d 1091 (9th Cir. 2002) ................................................................................................10

*CED's Inc., v. U.S. Environmental Protection Agency*,
  745 F.2d 1092 (7th Cir. 1984) ..................................................................................................9

*Carlton v. Baird*,
  72 Fed. Appx. 367, 369 (6th Cir. 2003) ...................................................................................5

*Center for Biological Diversity v. Salazar*,
  No. CV 07-0038, 2010 WL 3924069 (D. Ariz. Sept. 30, 2010) ...............................................5

*Center for Food Safety v. Connor*,
  No. C-08-484 JSW (N.D.Cal. filed Jan 23, 2008 ) ...............................................................2, 7

*Center for Food Safety v. Vilsack*,
  Nos. 10-17334, 10-17335, 10-17719, 10-17722 (9th Cir. Dec. 21, 2010) ...............................2

*Grant v. Vilsack*,
  No. 1:11-cv-00308-JDB (D.D.C. Feb. 7, 2011) ......................................................................11

*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982) ....................................................................................................................8

*Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*,
  536 F.2d 1268 (9th Cir. 1976) ................................................................................................10

*Keith v. Volpe*,
  858 F.2d 467 (9th Cir. 1988) ....................................................................................................6

*Lands Council v. McNair*,
  537 F.3d 981 (9th Cir. 2008) ....................................................................................................3

*Losoya v. Kirkland*,
  No. C 05-00509, 2009 U.S. Dist. LEXIS 89227 (N.D. Cal. Sept. 2, 2009) .............................5

*Martinez v. Safeway Stores, Inc.*,
  66 F.R.D. 446 (N.D. Cal. 1975) ...............................................................................................4

*McClatchy Newspapers v. Central Valley Typographic Union*,
  686 F.2d 731 (9th Cir. 1982) ................................................................................................8, 9

*Monsanto v. Geertson Seed Farms*,
  130 S. Ct. 2743 (2010) ..............................................................................................................6

*Patel v. Best Western International, Inc.*,
  Nos. C 07-2319, C 07-02351 (N.D. Cal. Feb. 14, 2008) (Doc. #62) ........................................8

*Perfect 10, Inc. v. Google, Inc.*,
    2008 U.S. Dist. LEXIS 79200 (C.D. Cal. July 16, 2008) .................................................. 8, 10

*Planned Parenthood v. Neely*,
    130 F.3d 400 (9th Cir. 1997) ............................................................................................ 5, 6

*Poindexter v. Louisiana Finance Assistance Commission*,
    296 F. Supp. 686 (E.D. La. 1968) ........................................................................................ 6

*Polar Equipment, Inc. v. Exxon Mobil Corp. (In re Exxon Valdez)*,
    318 Fed. Appx. 545, 547 (9th Cir. 2009) ............................................................................. 5

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*,
    204 F.3d 867 (9th Cir. 2000) ................................................................................................ 9

*Pyrodyne Corporation v. Pyrotechnics Corporation*,
    847 F.2d 1398 (9th Cir. 1988) .............................................................................................. 9

*Small v. Operative Plasterers' and Cement Masons' International Association*,
    611 F.3d 483 (9th Cir. 2010) ............................................................................................ 8, 9

**STATUTES, RULES, AND OTHER AUTHORITY**

28 U.S.C. § 1391(b) & (e) ........................................................................................................ 11

Fed. R. Civ. P. 15(a) & (d) ......................................................................................................... 4

Fed. R. Civ. P. 62(c) ............................................................................................................ 9, 10

Civil Local Rule 3-12 ............................................................................................................ 2, 7

6 Wright, Miller, Kane & Marcus, *Federal Practice and Procedure*: Civ. § 1473 (2010) ......... 4, 5

6A Wright, Miller, Kane & Marcus, *Federal Practice and Procedure*: Civ. § 1504 (2010) ...... 4, 5

6A Wright, Miller, Kane & Marcus, *Federal Practice and Procedure*: Civ. § 1509 (2010) .......... 5

**SUMMARY OF ARGUMENT**

This case is essentially over. The Court held a three day trial in November and entered an Order requiring that the permitted Roundup Ready sugarbeet ("RRSB") steckling fields at issue in this case be plowed under and destroyed. Although the Ninth Circuit stayed that Order pending appeal, the subject steckling permits will expire by their own terms two weeks from now, on February 28, 2011. No matter what the Ninth Circuit decides on appeal, there will likely be no remaining action for this Court to take regarding the challenged permits thereafter.

By contrast, plaintiffs' new proposed amendment relates to separate administrative actions taken by USDA's Animal Plant Health and Inspection Service ("APHIS") on February 4, 2011, backed by an extensive new 369 page Environmental Assessment ("EA") and related documentation. These new actions, the EA, and the many thousands of pages of administrative record supporting them, were never at issue in this existing case. Under well-established law, plaintiffs must bring their new allegations in a separate new Complaint subject to the normal case assignment process set out in this Court's Local Rules. *See infra* section I.

Plaintiffs nevertheless argue that their proposed amended claims are appropriate here because they allege the same improper "interim commercial planting" scheme that the Court previously enjoined. Indeed, plaintiffs have cited and explicitly relied upon this Court's prior factual findings and legal conclusions, which are now the subject of the ongoing appeal. Even if plaintiffs' arguments were correct (which they are not), this Court would lack jurisdiction to hear their new claims during the pendency of the appeal, because the appeal divests this Court of jurisdiction over those issues. And since plaintiffs are incorrect, they are obligated to file a separate case rather than seeking to amend their prior Complaint in this case.

There is no question that a separate case could be filed to challenge a new APHIS agency action. In fact, such a new case is already pending – in District Court in the District of Columbia – where venue is unequivocally proper. If plaintiffs wish to seek an injunction, they may pursue their new claims in that court without delay and without risking duplicative actions or any waste of judicial resources. But plaintiffs may not seek further injunctive relief in this case.

# BACKGROUND

Although RRSB have never been grown in this District, plaintiffs' proposed Amended Complaint would be the third APHIS administrative action regarding that crop they have challenged here. In the initial RRSB case (Sugarbeets I), plaintiffs challenged APHIS's unconditional deregulation of the crop.[1] That case is on appeal. In their second case (Sugarbeets II), plaintiffs complied with Local Rule 3-12 and initiated the case with a new Complaint challenging new administrative actions by APHIS, accompanied by an Administrative Motion to Consider Whether Cases Should Be Related. Civil L.R. 3-12(b). Although plaintiffs alleged throughout their Sugarbeets II Complaint that the APHIS steckling permits then at issue were inextricably linked to the Court's ruling in Sugarbeets I, this Court denied plaintiffs' related case motion. (Indeed, Judge Breyer also denied plaintiffs' prior related case motion under similar circumstances.[2]). Ultimately, Sugarbeets II was then randomly assigned to this Court following recusals by two other District Court Judges. *See* 10/22/10 Tr. 29:2-16, *Ctr. For Food Safety v. Vilsack*, No. C 08-04038 JSW: ("Believe it or not . . .this case was assigned to this Court randomly after the previously assigned judge was unable to handle the case.").

Sugarbeets II is also now on appeal. The Ninth Circuit has stayed this Court's December 3, 2010 Order pending that appeal, and argument is set for February 15. Consolidation Order, *Ctr. for Food Safety v. Vilsack*, Nos. 10-17334, 10-17335, 10-17719, 10-17722 (9th Cir. Dec. 21, 2010). The APHIS permits at issue in Sugarbeets II expire on February 28, 2011.

---

[1] In Sugarbeets I, plaintiffs alleged that the 18 page Environmental Assessment (EA) supporting unconditional deregulation of RRSB was insufficient. By contrast, a new 369 page EA was issued for the new APHIS determination, even though the new administrative action is more narrow in scope.

[2] Similarly, at the outset of Sugarbeets I, plaintiffs filed a motion before Judge Breyer alleging that the Roundup Ready sugarbeets case was related to the earlier Roundup Ready alfalfa case. Defendants opposed that motion, arguing that the two cases related to separate administrative actions. Judge Breyer agreed with Defendants and denied the related case motion. *Order, Ctr. for Food Safety v. Connor*, No. C-08-484 JSW (N.D.Cal. filed Feb. 1, 2008) (Doc. #10).

2

Case Number: 3:10-cv-04038-JSW 02-11-2011
INTERVENOR-DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO AMEND
COMPLAINT

On February 4, 2011, APHIS issued a 369 page Environmental Assessment and 99 page Finding of No Significant Environmental Impact ("FONSI"), authored by more than a dozen impartial PhD scientists, and collectively citing and relying upon thousands of pages of studies, field tests and other relevant material.[3]  *See also Lands Council v. McNair*, 537 F.3d 981, 993 (9th Cir. 2008) (explaining that there is a particularly high level of deference granted to agency decisions that involve significant scientific or technical expertise).  These materials supported APHIS's new decisions to grant in part and deny in part a request for partial deregulation of RRSB.  *See* APHIS FONSI at 2-3.  Under the new APHIS decisions, new permits will be required for any new seed planting consistent with a series of extensive and strict mandatory stewardship requirements, and root crops can only be grown following the entry of Compliance Agreements which apply similarly strict measures to those crops.[4]

Rather than file a new Complaint and a related case motion pursuant to Local Rule 3-12, plaintiffs instead seek to amend the Sugarbeets II Complaint.  Plaintiffs argue that the same "connected actions" and segmentation issues presented in the Sugarbeets II case are likewise presented by Sugarbeets III, and that the new APHIS administrative actions are therefore part of the same improper "interim commercialization plan."  Notice of Motion at 1 (Doc. #256).  Plaintiffs further characterize the new APHIS actions as "the expansion of the connected action" or "logical outgrowth" of the four permits challenged in Sugarbeets II, (Notice of Motion at 1; Memorandum at 2), and characterize the amendment they seek as merely "add[ing] factual allegations and claims for relief."  Notice of Motion at 1.  These same legal "connected action" and "segmentation" issues are currently before the Court of Appeals, and were a critical

---

[3]  These are Governmental personnel, affiliated neither with intervenors nor with the plaintiffs in this case.  *See* USDA, APHIS, *Final Environmental Assessment* (Feb. 2011) ["APHIS EA"], http://www.aphis.usda.gov/brs/aphisdocs/03_32301p_fea.pdf 307-08, 309-335 (listing preparers in section J and references in section K); USDA, APHIS, *National Environmental Policy Act Decision and Finding of No Significant Impact* (Feb. 2011) ["APHIS FONSI"], http://www.aphis.usda.gov/brs/aphisdocs/03_32301p_fonsi_rtc.pdf.

[4]  USDA, APHIS, *Mandatory Condition Requirements for Roundup Ready Sugar Beets* (Feb. 2011), http://www.aphis.usda.gov/brs/aphisdocs/03_32301p_req.pdf.

1  predicate for the injunction Order at issue on appeal   *See, e.g.,* Am. Order Regarding the
2  Remedies on Plaintiffs' Mot. for Prelim. Inj. at 8 (Dec. 1, 2010) (Doc. # 223) (citing APHIS'
3  "improperly segmented" action); Plaintiff-Appellees' Answering Brief at 27-31, *Ctr. for Food*
4  *Safety v. Vilsack,* Nos. 10-17335, -77719, 17722 (9th Cir. Jan. 19, 2011) (arguing that APHIS
5  failed to consider subsequent partial deregulation as a "connected action").  In addition, without
6  waiting for this Court to rule on their motion for leave to amend, plaintiffs have now filed a
7  motion for a new temporary restraining order and preliminary injunction which cites to and relies
8  upon findings and legal conclusions this Court made in previously granting the injunction which
9  is currently stayed pending appeal.[5]  *See e.g.*  Plaintiffs' Mem. of Points and Authorities in
10 Support of Plaintiffs [Second] Mot. for TRO at 1-2 ("The Court previously determined ….", "As
11 this Court noted . . ."); 6-7 ("APHIS has simply decided that it disagrees with this Court's
12 previous findings . . . "); 15 ("Because these two actions are in reality two halves of the same
13 whole . . . ); *id*. ("Because APHIS had already approved the connected Fall permits and set in
14 motion the commercialization plan . . ., the EA is tainted"); *id*. at 19-21 (further relying on
15 Court's prior findings currently challenged on appeal).

**ARGUMENT**

**I.  PLAINTIFFS' PROPOSED AMENDMENT IS INCONSISTENT WITH THE FEDERAL RULES OF CIVIL PROCEDURE, THIS CIRCUIT'S PRECEDENTS AND THIS COURT'S LOCAL RULES.**

Although plaintiffs have moved to ***amend*** the Complaint for Declaratory and Injunctive Relief from Sugarbeets II pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, amendment is generally used to plead additional facts or add claims that that could have been included in the original complaint. *See* 6 Charles Allan Wright, Arthur R. Miller, et al., *Federal Practice and Procedure*: Civ. § 1473 (2010) ("amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original

---

[5] This Opposition responds to plaintiffs' Motion for Leave to Amend Complaint. Intervenor-Defendants also intend to file a separate opposition to plaintiffs' recently-filed Motion for Temporary Restraining Order.

complaint or answer"); *Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446, 448 (N.D. Cal. 1975). When a party wishes to plead new facts that have occurred since a Complaint was filed, Rule 15(d) governing supplemental pleading generally applies. Fed. R. Civ. P. 15(d); 6A Charles Allan Wright, Arthur R. Miller, et al., *Federal Practice and Procedure*: Civ. § 1504 (2010) (Rule 15(d) "embraces only events that have happened 'after the date of the pleading to be supplemented'" "thereby bringing the case up to date."); *see also Ctr. for Biological Diversity v. Salazar*, No. CV 07-0038, 2010 WL 3924069, at *4 (D. Ariz. Sept. 30, 2010) ("Rule 15(d)'s purpose is to provide a mechanism for parties to file additional causes of action based on *facts not in existence* when the plaintiff filed the original complaint.") (emphasis added).

But even supplemental pleading is subject to a series of well-established limits. Indeed, leave to file a supplemental pleading ***will be denied*** where the pleading "could be the subject of a separate action." *See Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citation omitted); *Polar Equip., Inc. v. Exxon Mobil Corp. (In re Exxon Valdez)*, 318 Fed. App'x 545, 547 (9th Cir. 2009) (upholding denial of leave to supplement the answer with a counterclaim because Rule 15(d) "'cannot be used to introduce a separate, distinct, and new cause of action'") (citation omitted); *Carlton v. Baird*, 72 Fed. App'x 367, 369 (6th Cir. 2003) (holding that "[t]he district court properly concluded that an amendment would not be the proper method to raise . . . separate, new causes of action" where the proposed amendment "was properly a separate action"); *Losoya v. Kirkland*, No. C 05-00509 JW (PR), 2009 U.S. Dist. LEXIS 89227, at *4 (N.D. Cal. Sept. 2, 2009) ("Leave to file a supplemental complaint therefore may not be granted where the supplemental complaint involves a new and distinct cause of action that should be the subject of a separate suit."); *see also* 6A Wright, *Federal Practice and Procedure* § 1509 ("Leave to file a supplemental pleading after trial will be denied . . . when the matters alleged in the supplemental pleading could be the subject of a separate action. . .").

For example, in *Center for Biological Diversity*, plaintiffs sought to supplement a complaint challenging a Fish and Wildlife Service 90-day finding under the Endangered Species Act to add claims challenging a later 12-month finding related to the same species. While the

1 court noted that the "legal and factual subject matter of both findings will of course be similar," the court still denied the motion to supplement the complaint. 2010 WL 3924069, at *5. The court supported its decision with a number of factors: (1) "[a] positive 90-day finding does not compel any particular result with respect to the 12-month finding;" (2) "each finding has its own administrative record;" (3) "Plaintiffs' proposed supplemental complaint would not affect in any manner whatsoever th[e] Court's findings with respect to the 90-day finding;" (4) the 90-day finding "is now completely resolved;" and (5) plaintiffs were "challenging a new and separate final agency action, and admit that their challenge will be based primarily on a new administrative record." *Id.* Thus, the court concluded "Plaintiffs' new challenge, therefore, appears to be a 'separate, distinct and new cause of action,' which is not properly allowed under Rule 15(d)." *Id.*;[6] *see also Planned Parenthood*, 130 F.3d at 402 (finding that a supplemental complaint should have been denied and should have been the subject of a separate suit where initial complaint successfully challenged a statute and the supplemental complaint challenged the later amendment enacted by the legislature to replace it). Here, just as in *Center for Biological Diversity*, plaintiffs are challenging new and separate agency actions supported by their own separate administrative record, and the prior litigation is essentially over.

Indeed, although there are only a few circumstances where supplemental pleading could be appropriate – involving instances where a court specifically retains jurisdiction to enforce civil rights orders and the like – none of those circumstances are present here. *See Planned Parenthood*, 130 F.3d at 403 (distinguishing *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988) (district court specifically retained jurisdiction in the consent decree) and *Poindexter v. Louisiana Fin. Assistance Comm'n*, 296 F. Supp. 686, 689 (E.D. La.) (court's order provided that it "retains jurisdiction of this cause. . . .") (citation omitted), aff'd sub nom. *La Educ. Comm. for*

---

[6] While the court in *Center for Biological Diversity* decided to relate the cases pursuant to the local rules of the District Court for Arizona, the new issues raised by plaintiffs' proposed amended complaint here do not meet this Court's standards for related cases, as discussed on pages 7-8 *infra*.

1  *Needy Children v. Poindexter*, 393 U.S. 17 (1968). Here, the Court has not (and could not)
2  retain jurisdiction in its December 1, 2010 Order to oversee the continuing APHIS administrative
3  process. Order (Doc. #223). Indeed, as the Supreme Court held in *Monsanto v. Geertson Seed*
4  *Farms*, 130 S. Ct. 2743, 2758-61 (2010), no court can prospectively enter injunctive relief in this
5  context, anticipating that any future agency regulatory action will be improper. *Id.* at 2760 ("[I]f
6  and when APHIS pursues a partial deregulation that arguably runs afoul of NEPA, [Plaintiffs]
7  may file a *new suit* challenging such action and seeking appropriate preliminary relief.")
8  (emphasis added.).

### *Local Rule 3-12*

These well-established restrictions on supplemental pleading are consistent with this Court's Local Rules governing random assignment of new cases. The Local Rules provide that when a party believes an action is or may be "related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should be Related . . . ." Civil L.R. 3-12(b). Twice before, when challenging new APHIS administrative actions regarding genetically engineered ("GE") crops, plaintiffs rightly concluded that the Court's Local Rules required them to file a new Complaint to initiate new claims, along with a related case motion.[7] In both cases, their related case motions were denied.[8] Rather than take that unsuccessful course a third time, it appears that plaintiffs are now seeking to circumvent that Local Rule by instead improperly seeking to amend.[9]

---

[7] *See* Complaint (Doc. #1), Mot. to Relate Case (Doc. #10) (initiating Sugarbeets II suit and seeking to relate to Sugarbeets I); *Center for Food Safety v. Vilsack*, No. C-08-484 JSW (N.D.Cal. filed Jan. 23, 2008), Complaint (Doc. #1), Mot. to Relate Case (Doc. #3) (initiating Sugarbeets I suit and seeking to relate to lawsuit regarding Roundup Ready alfalfa).

[8] Order, *Center for Food Safety v. Connor*, No. C-08-484 JSW, (Doc. #585) (denying related case status between Sugarbeets II and Sugarbeets I); *Id*., (Doc. #10) (denying related case status between Sugarbeets I and the Roundup Ready alfalfa case).

[9] Moreover, even if plaintiffs were to file an appropriate separate Complaint and motion, the cases should not be deemed related. Since Sugarbeets II and III are two entirely **different** transactions or events—they arise from two, distinct agency actions—and they involve

7                                                                 Case Number: 3:10-cv-04038-JSW 02-11-2011
                                                                  INTERVENOR-DEFENDANTS' OPPOSITION
                                                                  TO MOTION FOR LEAVE TO AMEND
                                                                  COMPLAINT

Sugarbeets II concerned APHIS' grant of temporary permits for regulated articles under the Plant Protection Act. The temporary permits allowed four seed companies to engage in limited short-term RRSB planting subject to a range of mandatory restrictions. The planting was done on 256 acres in just two states—Arizona and Oregon. In contrast, Sugarbeets III involves the agency's decision to grant partial deregulation of the RRSB root crop and to specify certain limitations on future seed company permits. This new agency action is different in both nature and scope as compared to the original limited decision on four temporary permits.

## II. IN ANY EVENT, PLAINTIFFS' MOTION TO AMEND POSES JURISDICTIONAL DIFFICULTIES FOR THIS COURT DURING THE PENDENCY OF THE APPEAL.

"The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); *McClatchy Newspapers v. Cent. Valley Typographic Union,* 686 F.2d 731, 735 (9th Cir. 1982); *Small ex rel. NLRB v. Operative Plasterers' & Cement Masons' Int'l Ass'n,* 611 F.3d 483, 495 (9th Cir. 2010). Thus, "district courts may not rule on motions to amend a complaint after a court of appeals accepts jurisdiction over an interlocutory appeal, if the proposed amendment implicates factual or legal issues on appeal." *Perfect 10, Inc. v. Google, Inc.,* 2008 U.S. Dist. LEXIS 79200, at *17 (C.D. Cal. July 16, 2008) (no jurisdiction to allow amendment of complaint while preliminary injunction is pending on appeal) (citing *May v. Sheahan,* 226 F.3d 876, 878 (7th Cir. 2000); *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.,* 906 F.2d 1059, 1063 (5th Cir. 1990)); *see also Small*, 611 F.3d at 495 (concluding that district court lacked jurisdiction to modify an injunction during pendency of appeal); *McClatchy Newspapers*, 686 F.2d at 735 (same). This

---

**different** facts and administrative records, they do not meet the first prong of the "related case" standard. *See, e.g.,* Order re Related Case Determination, *Patel v. Best Western International, Inc.*, Nos. C 07-2319, C 07-02351 (N.D. Cal. Feb. 14, 2008) (Doc. #62) (denying related case status where the same defendant was sued for the same type of breach of contract action, but where each case involved different transactions and facts giving rise to the alleged breach of contract).

1  rule protects judicial resources and the appellate court's jurisdiction by preventing the appellate
2  and trial court from acting at cross-purposes while the interlocutory appeal is pending.

3  Here, plaintiffs ask this Court to allow them to amend based on their theory that the new
4  APHIS actions are part of the same improper "segmentation" scheme the Court previously
5  addressed in its injunction order, arguing that APHIS's decision to partially deregulate RRSB is
6  "intimately connected to, and the logical outgrowth of, the initial permits Plaintiffs challenged"
7  in Sugarbeets II. Mot. To Amend at 1-2 ("Plaintiffs seek leave…to challenge this additional
8  agency action, which is intimately connected to, and the logical outgrowth of, the initial permits
9  Plaintiffs challenged in September, 2010."). Indeed, plaintiffs acknowledge explicitly
10 throughout both their proposed Amended Complaint (and in the new motion for further
11 injunctive relief filed last night) that they are asking the Court to litigate factual and legal claims
12 that are currently the subject of appeal. *See infra* at 4. The Court lacks jurisdiction to do so.

13 Although Federal Rule of Civil Procedure 62(c) allows a district court generally to
14 *modify an injunction* pending appeal if doing so is necessary "to preserve the status quo while the
15 case is pending in the appellate court," that rule is inapplicable here.  First, this Court's prior
16 injunction has been stayed pending appeal. That is the relevant status quo, and it may not be
17 altered by this Court during the pendency of the appeal. *See Small*, 611 F.3d at 495 ("district
18 court lacked subject matter jurisdiction to modify the injunction once the appeal was taken"
19 because modification altered the status quo pending appeal); *McClatchy Newspapers*, 686 F.2d at
20 731 (district court lacked jurisdiction to amend judgment where "amended judgment was not
21 addressed to maintenance of the status quo during pendency of the appeal"); *CED's, Inc., v. U.S.*
22 *Environmental Protection Agency,* 745 F.2d 1092, 1095 (7th Cir. 1984) (district court exceeded
23 its jurisdiction by amending its prior preliminary injunction while appeal was pending);
24 *Pyrodyne Corporation v. Pyrotechnics Corporation,* 847 F.2d 1398, 1403 (9th Cir. 1988)
25 (district court properly denied motion for preliminary injunction while appeal was pending, as
26 appeal divested the district court of jurisdiction over the matters appealed); *Prudential Real*
27 *Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 880 (9th Cir. 2000) (district court
28

correctly concluded that it lacked jurisdiction to vacate a preliminary injunction while the appeal of that injunction was pending, as doing so would alter the status quo on appeal).

Moreover, the prior injunction did not address any new future actions by APHIS (nor could it do so under *Monsanto* (*see supra* at pp. 6-7)). Thus, Rule 62(c) cannot reasonably be read to allow the concept of "modification" to encompass a new injunction regarding separate future administrative actions such as those at issue here. Indeed, the Ninth Circuit has held that Rule 62(c) only permits modification in the limited circumstance where the injunctive relief is *in effect* and modification is necessary to "supervis[e] compliance with the injunction." *A&M Records, Inc v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002); *Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir. 1976) (appeal from supervisory order does not divest district court of jurisdiction to continue supervision and modify order as necessary to maintain status quo). That is, Rule 62(c) is limited to orders that aid enforcement of the injunction itself. It does not permit post-appeal amendments of the operative complaint that formed the basis of the preliminary injunction on appeal. *See Perfect 10,* 2008 U.S. Dist. LEXIS 79200 at *17-18. Nor would Rule 62(c) authorize this court to modify the injunction under review here.

### III. PLAINTIFFS CANNOT PURSUE ANY FORM OF INJUNCTIVE RELIEF IN THIS CASE, BUT COULD PURSUE THEIR AMENDED CLAIMS IN THE EXISTING CASE FILED IN THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA.

It is axiomatic that a litigant may not seek any form of injunctive relief from a Court without first filing a pleading initiating its claims. Here, unless or until this Court hears and grants plaintiffs' motion to amend, plaintiffs' motion for a temporary restraining order cannot be considered. Indeed, plaintiffs should not have prematurely filed their injunction papers here: this Court already considered plaintiffs' motion to shorten time to hear their motion to amend (which cited plaintiffs' desire to seek immediate injunctive relief) and set a briefing schedule culminating on February 17. Order Setting Tentative Briefing Schedule (Doc. # 260).

1  Moreover, plaintiffs should not be allowed to rush this case forward by falsely suggesting an emergency. For example, plaintiffs cannot allege any "imminent harm" from new seed crop permits – no new permits have yet been issued to authorize further seed planting. And plaintiffs' own Amended Complaint acknowledges that their concerns regarding "weed resistance" relate to an issue they believe may develop "eventually." Amended Complaint ¶ 3.

Plaintiffs have not yet chosen to initiate a new case to challenge APHIS's February 4, 2011 administrative actions. But other parties have already initiated such an action. APHIS's administrative action in Sugarbeets III is the subject of a challenge in the U.S. District Court for the District of Columbia by a group of 18 plaintiffs representing virtually all of the sugarbeet growers in the United States and two of the three major seed companies.[10] *See* Complaint, *Grant v. Vilsack*, No. 1:11-cv-00308-JDB (D.D.C. Feb. 7, 2011) (attached as Exhibit A). Plaintiffs in that case allege that APHIS violated the Administrative Procedure Act because certain of its new mandatory conditions are overly restrictive and unnecessary to comply with NEPA or the Plant Protection Act. In addition, as an alternative claim, that Complaint names the both lead plaintiff in this case, Center for Food Safety, as well as Sierra Club as defendants, and seeks a declaratory judgment that APHIS's Environmental Assessment did comply with NEPA. *See* Complaint, Exhibit A ¶ 3. Neither of those parties would be prejudiced by proceeding in the District of Columbia: Center for Food Safety is headquartered in the District of Columbia (*see* ¶ 13) and Sierra Club has offices in DC and conducts frequent litigation in D.C. as a plaintiff and intervenor. *See* Complaint, Exhibit A ¶ 18; Declaration of Andrew Kimbrell (Doc. #138) ("CFS is both plaintiff and co-counsel in *Center for Food Safety v. Vilsack*, Case No.: 3:10-cv-04038-JSW (N.D.Cal. 2010), as it was in *Sugar Beets I*. In both cases, CFS, as lead plaintiff, agreed by

---

[10] Only 3 of those 18 plaintiffs are intervenors in this case. Intervenor Monsanto is not a plaintiff in that new action.

attorney-client contract to cover any financial responsibility incurred in the litigation.").[11] Indeed, venue is undeniably proper in the District of Columbia because: (1) The challenged APHIS decision was made in the District of Columbia; (2) The Center for Food Safety is headquartered and has its principal place of business in the District of Columbia; and (3) Two of the 18 plaintiffs are also located in that District. 28 U.S.C. §1391(b) & (e).

In sum, if plaintiffs actually need immediate relief, they may proceed in that pending suit in the District of Columbia. But if plaintiffs continue to pursue their claims in fora other than the District of Columbia suit, they will risk inconsistent judgments, duplication of effort and the waste of judicial resources. Under such circumstances, Intervenors would seek to transfer, dismiss or stay such other suits at an appropriate time.

## CONCLUSION

For the reasons set forth herein, Intervenor-Defendants respectfully request that the Court deny plaintiffs' motion for leave to amend the complaint.

Dated: February 11, 2011     Respectfully Submitted,

/s/ Philip J. Perry

PHILIP J. PERRY (CA Bar No. 148696)
JANICE M. SCHNEIDER (DC Bar No. 472037) (*pro hac vice* granted)
DREW C. ENSIGN (CA Bar No. 243956)
LATHAM & WATKINS LLP
555 11th Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: phil.perry@lw.com
Email: janice.schneider@lw.com
Email: drew.ensign@lw.com

PHILIP J. PERRY (CA Bar No. 148696)
LATHAM & WATKINS LLP
555 11th Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: phil.perry@lw.com

Attorneys for Intervenor-Defendant Monsanto Company

---

[11] *See also* Doc. ##139-41 (declarations from CFS's co-counsel in Sugarbeets I and II confirming that the parties reached an agreement whereby CFS would cover litigation costs and indicating that their participation in the litigation would not have been otherwise possible). None of the other plaintiffs in this case purport to do business or reside in San Francisco or elsewhere in this District.

| | |
|---|---|
| DAVID J. LAZERWITZ (Cal. Bar. No. 221349 – admitted)<br>FARELLA BRAUN + MARTEL LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480<br>Email: dlazerwitz@fbm.com | ___/s/ Nancy Bryson___<br>NANCY BRYSON (DC Bar No. 913673) (*pro hac vice* granted)<br>HOLLAND & HART LLP<br>975 F Street, N.W., Suite 900<br>Washington, D.C. 20004<br>Telephone: (202) 654-6921<br>Facsimile: (202) 747-6567<br>Email: nbryson@hollandhart.com |

Attorneys for Intervenor-Defendant Syngenta Seeds, Inc.

| | |
|---|---|
| DANIEL MURPHY (Ca. Bar No. 141006)<br>W. ALLAN EDMISTON (Ca. Bar No. 228246)<br>LOEB & LOEB LLP<br>10100 Santa Monica Blvd., 22nd Floor<br>Los Angeles, California 90067<br>Telephone: (310) 282-2000<br>Facsimile: (310) 282-2200<br>Email: dmurphy@loeb.com<br>Email: aedmiston@loeb.com | ___/s/ Harry Zirlin___<br>DANIEL M. ABUHOFF (NY Bar No. 1227057) (*pro hac vice* granted)<br>HARRY ZIRLIN (NY Bar No. 2315737) (*pro hac vice* granted)<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 909-6000<br>Facsimile: (212) 909-6836<br>Email: dmabuhof@debevoise.com<br>Email: hzirlin@debevoise.com |

Attorneys for Intervenor-Defendant Betaseed, Inc.

| | |
|---|---|
| JOANNE LICHTMAN (Ca. Bar No. 137300)<br>HOWREY LLP<br>550 South Hope Street, Suite 1100<br>Los Angeles, California 90071-2627<br>Telephone: (213) 892-1800<br>Facsimile: (213) 892-2300<br>Email: lichtmanj@howrey.com | ___/s/ Gilbert S. Keteltas___<br>GILBERT S. KETELTAS (DC Bar No. 421236)<br>(*pro hac vice* granted)<br>JOHN F. BRUCE (DC Bar No. 1578) (*pro hac vice* granted)<br>CHRISTOPHER H. MARRARO (DC Bar No. 395152) (*pro hac vice* granted)<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2402<br>Telephone: (202) 783-0800<br>Facsimile: (202) 383-6610<br>Email: keteltasg@howrey.com<br>Email: brucej@howrey.com<br>Email: marraroc@howrey.com |

Attorneys for Intervenor-Defendant American Crystal Sugar Company