IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR FOOD SAFETY, et al.,

    Plaintiffs,

v.

THOMAS J. VILSACK, et al.,

    Defendants.

No. C 10-04038 JSW

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT, MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Now before the Court are Plaintiffs' motion for leave to file a first amended complaint and motion for temporary restraining order and preliminary injunction. The Court finds that the matters are appropriate for disposition without oral argument and the matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Having considered the parties' submissions and relevant legal authority, the Court DENIES Plaintiffs' motion for leave to file an amended complaint and DENIES WITHOUT PREJUDICE Plaintiffs motion for temporary restraining order and preliminary injunction.

**BACKGROUND**

Plaintiffs filed this action on September 9, 2010, challenging the September 1, 2010, decision by the United States Department of Agriculture ("USDA") and its Animal and Plant Health Inspection Service ("APHIS") (collectively, "Federal Defendants") to issue permits to sugar beet seed producers to plant Roundup Ready Sugar Beet (RRSB) stecklings in fall 2010. Plaintiffs contend that APHIS's decision to issue these permits without conducting any environmental review violates the National Environmental Policy Act, 42 U.S.C. §§ 4321-4335

("NEPA"), the Plant Protection Act ("PPA"), the 2008 Farm Bill, and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) ("APA").

Upon filing this action, Plaintiffs filed a motion to relate this action to an earlier-filed action, *Center for Food Safety v. Vilsack*, No. C 08-00484 JSW ("*Sugar Beets I*"), which the Court denied. In *Sugar Beets I*, Plaintiffs alleged that the APHIS's Environmental Assessment supporting unconditional deregulation of RRSB violated NEPA, PPA and APA. In *Sugar Beets I*, the Court granted Plaintiffs' motion for summary judgment and ordered APHIS to prepare an EIS by Order dated September 21, 2009. On August 13, 2010, the Court entered an order vacating APHIS's unconditional deregulation of RRSB and remanding the matter to APHIS. *Sugar Beets I* is on appeal.

By Order entered in this action on September 28, 2010, the Court held that Plaintiffs were likely to prevail on their NEPA claims. (Doc. no. 92.) By Order dated November 30, 2010, as amended on December 1, 2010, the Court granted Plaintiffs' motion for a preliminary injunction. (Doc. no. 223, as amended.) Federal Defendants and Intervenor-Defendants filed notices of appeal from the orders granting the motion for a preliminary injunction. The Ninth Circuit stayed the Court's December 3, 2010, Order issuing the preliminary injunction, pending appeal. The APHIS permits at issue in this action expire on February 28, 2011.

On February 7, 2011, Plaintiffs filed a motion for leave to file an amended complaint, seeking leave to add factual allegations concerning an EA and Finding of No Significant Impact ("FONSI") released by APHIS on February 4, 2011. The proposed amended complaint includes, among others, the following allegation:

> 65. On November 4, 2010, APHIS released a Draft EA purporting to assess the impacts of additional permits allowing the continued commercialization of Roundup Ready sugar beets beginning in the spring of 2011. After a 30-day public comment period, APHIS finalized this EA and released a FONSI on February 4, 2011. The EA and partial deregulation completes the remainder of APHIS's interim commercialization plan for RRSB.

2

(Declaration of Paige M. Tomaselli in Supp. of Pls' Mot. to Amend Compl., Ex. A (Proposed First Amended Complaint) ¶ 65.) In addition to the relief requested in the original Complaint, Plaintiffs seek leave to amend the complaint to request a declaration "that the Defendants have violated NEPA and the Administrative Procedure Act by approving the EA and FONSI in connection with their decision to issue a partial deregulation for Roundup Ready sugar beet commercial production," and to "Vacate or Set aside Defendants' partial deregulation for Roundup Ready sugar beets as unlawful." (*Id.* at 26-27.)

By Order dated February 7, 2011, the Court issued a shortened briefing schedule on Plaintiffs' motion for leave to amend and ordered the parties to address the question whether the Court has jurisdiction to adjudicate Plaintiffs' motion to amend the complaint pending the preliminary injunction appeal. On February 11, 2011, Plaintiffs subsequently filed a motion for a temporary restraining order and preliminary injunction. Plaintiffs' motions have been fully briefed and submitted for decision. For the reasons set forth below, the Court DENIES Plaintiffs' motion for leave to file an amended complaint. In addition, the Court DENIES Plaintiffs' motion for a temporary restraining order and preliminary injunction for lack of jurisdiction.

**ANALYSIS**

**I.      The Court Has Subject Matter Jurisdiction to Adjudicate Plaintiffs' Motion to Amend the Complaint.**

The Intervenor-Defendants contend that the Court lacks jurisdiction to consider Plaintiffs' motion for leave to amend the complaint during the pendency of the preliminary injunction appeal. It is well settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under Federal Rule of Civil Procedure 62(c), the district court may "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed.R.Civ.P. 62(c). The Ninth Circuit has limited the application of Rule 62 only to permit the district court to "'retain[] jurisdiction

3

during the pendency of an appeal to act to preserve the status quo.'" *Small v. Operative Plasterers' and Cement Masons' International Ass'n Local 200, AFL-CIO*, 611 F.3d 483, 495 (9th Cir. 2010) (quoting *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)) (vacating district court's modification of injunction after appeal was filed). Even with this limited jurisdiction, "however, [the district court] cannot finally adjudicate substantial rights involved in the appeal." *Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir. 1988).

Although the Ninth Circuit has not ruled directly on the question whether the district court retains jurisdiction to allow amendment of the pleadings pending appeal of a preliminary injunction, district courts within this circuit have recognized that pending interlocutory appeal, they retain jurisdiction over matters not related to the claims on appeal. *Bull v. City and County of San Francisco*, --- F.Supp.2d ----, 2010 WL 5289272, *3 n.5 (N.D. Cal., 2010) (citing *Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007); *May v. Sheahan*, 226 F.3d 876 (7th Cir. 2000)); *Perfect 10, Inc. v. Google, Inc.*, 2008 WL 4217837, *6 (C.D. Cal. July 16, 2008) ("district courts may not rule on motions to amend a complaint after a court of appeals accepts jurisdiction over an interlocutory appeal, if the proposed amendment implicates factual or legal issues on appeal") (citations omitted).

The Ninth Circuit has stayed this Court's preliminary injunction, which is directly at issue on appeal. Thus, to the extent that Plaintiffs seek further injunctive relief "to maintain [the] status quo in light of Defendants' most recent actions" (Pls' Reply ISO Mot. for TRO at 6), the Court lacks jurisdiction to grant such relief pending appeal. *Small*, 611 F.3d at 495. In the proposed amended complaint, however, Plaintiffs seek injunctive relief "in the form of a new injunction, rather than a modification." (Pls' Reply ISO Mot. for TRO at 6.) The Court determines that it has jurisdiction to decide Plaintiffs' motion for leave to amend only to the extent that the additional relief sought in the proposed amended complaint is unrelated to the issues on appeal of the preliminary injunction. As discussed below, the Court finds that the unrelatedness of the newly added allegations to the issues on appeal forms the very basis for denying Plaintiffs' motion for leave to amend the complaint.

4

**II.     Plaintiffs' Motion for Leave to Amend Is Denied.**

Plaintiffs bring their motion for leave to amend under Federal Rule of Civil Procedure 15(a), which provides for amendment of the pleadings to set forth allegations concerning events which took place before the original pleading was filed. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civil Proc. Before Trial*, § 8:1720 (The Rutter Group: 2010).  Where, as here, the parties seek to supplement the pleadings to allege facts occurring after the original pleading was filed, Rule 15(d) governs. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) ("Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed.") (quotation omitted).  Rule 15(d) provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. Proc. 15(d).  "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (quoting *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988)).  In the exercise of its discretion to permit supplemental pleading, the Court may also consider factors such as judicial efficiency, possible prejudice or laches.  *Id*.; *Keith*, 858 F.2d at 474 (quoting 3 J. Moore, Moore's Federal Practice ¶ 15.16[3] (1985)).

Federal Defendants contend that the proposed amendments to the complaint challenge a new regulatory decision for which APHIS would be required to prepare and lodge a new administrative record.  This administrative record presumably would include the 369-page EA and 99-page FONSI issued by APHIS on February 4, 2011, which was not previously considered by the Court. (*See* Interv-Defs' Opp. to Mot. for Leave to Amend at 3.)  The Court determines that Plaintiffs' challenge to the February 4, 2011, decision implicates a separate administrative record subject to new judicial findings and should be the subject of a separate action. *See Oregon Natural Resources Council, Inc. v. Grossarth*, 979 F.2d 1377, 1379-80 (9th

5

Cir. 1992) (affirming dismissal and denying motion to supplement record with evidence of subsequent agency action involving matters which "should be considered in the first instance by a district court in separate litigation which can develop an independent record"). Plaintiffs' proposed new claims for relief are distinguishable from the new claims permitted in a supplemental complaint in *Keith*, where the district court had entered a consent decree over claims related to replacement housing for persons displaced by a freeway development and "the court expressly reserved its jurisdiction over later developments." 858 F.2d at 474. By contrast, the permits at issue here in *Sugar Beets II* are set to expire on February 28, 2011, and Plaintiffs' proposed challenges to the most recent administrative decision are based on the February 4, 2011, EA and FONSI, which have not been subject to judicial review in this Court.

Mindful that Rule 15(d) "permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy," *Keith*, 858 F.2d at 473, the Court takes judicial notice that Plaintiff Center for Food Safety is named as a defendant in an action filed in the District Court for the District of Columbia, *Grant v. Vilsack*, No. 11-308 JDB (D.D.C. February 7, 2011) (*Sugar Beets III*), brought by various sugar beet farmers, cooperatives and processors, including three of the Intervenor-Defendants in this action. The *Sugar Beets III* action challenges the conditions on RRSB root and seed crop production activities imposed by the February 4, 2011 decision by APHIS and, in the alternative, seeks a declaratory judgment that the EA and FONSI comply with NEPA. *Sugar Beets III* names non-governmental defendants Center for Food Safety and Sierra Club because their "past actions and threats of further [legal] action" allegedly present "a significant threat to our nation's sugar supply in the 2011 crop year." (*Sugar Beets III*, Compl. ¶ 52.) The *Sugar Beets III* complaint further alleges that a substantial controversy exists because the "Non-Governmental Defendants have indicated that they intend to seek a judicial order halting Plaintiffs' conduct and/or destroying Plaintiffs' property." (*Id.* ¶ 53.) Because the February 4, 2011, decision is already the subject of the *Sugar Beets III* litigation, where presumably the administrative record would be submitted for review by the district court, the interest of judicial economy likely would be better served by presenting Plaintiffs' request for injunctive relief in

6

*Sugar Beets III* rather than in this Court. *See In re Exxon Valdez*, 318 Fed. Appx. 545, 547 (9th Cir. 2009) (affirming denial of leave to supplement answer because proposed new counterclaim "not only could have been the subject of a separate action, but actually is the subject of a separate action").

Plaintiffs do not respond to Intervenor-Defendants' suggestion that "if plaintiffs actually need immediate relief, they may proceed in that pending suit in the District of Columbia, " or their argument that pursuing Plaintiffs' claims in a forum other than the District of Columbia would result in "inconsistent judgments, duplication of effort and the waste of judicial resources." (Interv-Defs' Opp. to Mot. for Leave to Amend at 12.)  Although Plaintiffs cite the filing of *Sugar Beets III* as an example of "transparent forum shopping," Plaintiffs do not contend that there are any barriers to seeking injunctive relief in *Sugar Beets III* before the district court in the District of Columbia.  (*See* Pls' Reply ISO Mot. for Leave to Amend Compl. at 3.)  Nor do Plaintiffs cite "technical obstacles" to filing a separate action to challenge the February 4, 2011 decision. *Planned Parenthood*, 130 F.3d at 402.  Although the Plaintiffs are concerned with seeking preliminary relief "with all due speed" from the February 4, 2011, decision and partial deregulation, the Court has granted Plaintiffs' request to consider the motion for leave to amend on shortened time, as well as setting simultaneous briefing on the TRO motion to prevent delay.  Furthermore, Plaintiffs are responsible for any delay caused by their decision to seek leave to amend the pleadings in this action rather than filing a new action, or seeking relief in *Sugar Beets III*, particularly in light of the Court's prior ruling denying Plaintiffs' motion to relate this action to *Sugar Beets I*.

Construed as a motion for leave to file a supplemental complaint, Plaintiffs' motion is DENIED on the following grounds: (1) the proposed supplemental allegations introduce a separate, distinct cause of action seeking injunctive relief relating to a separate agency decision; (2) judicial economy would not be served by challenging the February 4, 2011, APHIS decision in this Court because that agency decision is the subject of the *Sugar Beets III* action filed in the District Court for the District of Columbia; and (3) Plaintiffs would not be prejudiced by seeking relief in the *Sugar Beets III* action or by filing a separate action for relief because the

7

new claims challenge a recent agency decision implicating a new administrative record that was not before this Court. *See Monsanto v. Geertson Seed Farms*, 130 S.Ct. 2743, 2760 (2010) ("if and when APHIS pursues a partial deregulation that arguably runs afoul of NEPA, respondents may file a new suit challenging such action and seeking appropriate preliminary relief").

To demonstrate futility of amendment in opposition to the motion for leave to amend, Federal Defendants challenge Plaintiffs' standing to challenge APHIS's February 4, 2011, decision to authorize partial deregulation of RRSB root crop production subject to mandatory conditions and allow continued RRSB seed crop production under Part 340 permits for an interim period. Federal Defendants further challenge the proposed amendment on grounds of improper venue and lack of final agency action. Because the Court denies leave to amend the complaint to challenge the February 4, 2011, agency decision, the Court need not reach the issues of standing, venue or final agency action.

### III. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction is Denied Without Prejudice for Lack of Jurisdiction.

Because the Court denies leave to amend the complaint to allege the claims for injunctive relief related to the February 4, 2011, APHIS decision, Plaintiffs' [second] motion for temporary restraining order and preliminary injunction is not properly before this Court and is therefore DENIED WITHOUT PREJUDICE for lack of jurisdiction. The Court takes no position with respect to the underlying merits of Plaintiffs' motion for preliminary injunctive relief.

**IT IS SO ORDERED.**

Dated: February 18, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8